Matter of S.P. v T.B.
2026 NY Slip Op 03885
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of S.P., Petitioner-Appellant,
v
T.B., Respondent-Respondent.

Decided and Entered: June 18, 2026
File No. 191858|Docket No. V-28236-17/24M V-28246-17/23H V-09212-18/23H V-28236-17/23J V-09212-18/24K V-28246-17/24K |Appeal No. 6923|Case No. 2025-01398|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Bruce A. Young, New York, for appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rebecca Halff of counsel), attorney for the child.

[*1]
Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about February 19, 2025, which, after a hearing, modified the September 24, 2020 custody and visitation order to direct that the mother have supervised therapeutic visits with the subject child once every two months and telephone and/or video access to the child on Sundays, unanimously affirmed, without costs.
The court providently exercised its discretion in modifying the 2020 visitation order, as the record provides ample basis for the modification (see Matter of Christopher H. v Taiesha R., 166 AD3d 548, 548 [1st Dept 2018]). There was substantial testimonial evidence that the mother did not avail herself of the afforded weekly telephone and video contact, and the contact that occurred was often sporadic. There were periods of time where the mother engaged in weekly calls with the child, followed by months of unexplained silence. On other occasions, she failed to call the child when expected or failed to answer when the child called her.
While a parent should be afforded as extensive contact as possible (see Matter of Tropea v Tropea, 87 NY2d 727, 738 [1996]), the parent's rights are secondary to those of the child (see S.L. v J.R., 27 NY3d 558, 563 [2016]). Although the mother minimizes certain incidents, evidence in the record of the mother's lapse of parental judgment demonstrated her inability to prioritize the child's needs over her own (see Matter of Rodney W. v Uchechi C., 246 AD3d 681, 682 [1st Dept 2026]).
Contrary to the mother's contentions, the order does not subject the mother's visitation or telephone and video contact to the father's discretion (see Matter of Michael B. v Patricia S., 233 AD3d 403, 404-405 [1st Dept 2024]). The court did not give undue weight to the child's wishes. While not dispositive, the court properly considered the child's preference regarding increased time with the mother as a factor in evaluating the existence of a change of circumstances and the child's best interests (see Melissa C.D. v Rene I.D., 117 AD3d 407, 407-408 [1st Dept 2014]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026